IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| LISA MCKINLEY TULLIS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO. 1:15-CV-90-MHT |
| | ) | [WO] |
| D.A. DOUGLAS A. VALESKA, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

Plaintiff, an inmate incarcerated at the Tutwiler Prison for Women in Wetumpka, Alabama, filed this 42 U.S.C. § 1983 complaint on February 2, 2015, against District Attorney Douglas Valeska, Assistant District Attorney Andy Robinson, and Assistant District Attorney Kristen Shields.[1]  Plaintiff alleges that rights, privileges, or immunities afforded her under the Constitution or laws of the United States were abridged due to the conduct and actions of Defendants regarding her state criminal court proceedings.  Plaintiff requests that Defendants be terminated, reprimanded, or punished for failing to properly handle the prosecution of her criminal case. Upon review , the court concludes that dismissal prior to service of process is appropriate under 28 U.S.C. § 1915(e)(2)(B).[2]

---

[1] Although the Clerk stamped the present complaint "filed" on February 4, 2015, Plaintiff signed her complaint on February 2, 2015. The law is well settled that a *pro se* inmate's complaint is deemed filed the date it is delivered to prison officials for mailing.  *Houston v. Lack*, 487 U.S. 266, 271-272 (1988); *Adams v. United States*, 173 F.3d 1339, 1340-41 (11th Cir. 1999); *Garvey v. Vaughn*, 993 F.2d 776, 780 (11th Cir.1993).  In light of the foregoing and for purposes of the proceedings herein, the court considers February 2, 2015, as the date of filing.

[2] A prisoner who is allowed to proceed *in forma pauperis* in this court will have her complaint screened in accordance with the provisions of 28 U.S.C. § 1915(e)(2)(B).  This screening procedure requires the court to dismiss a prisoner's civil action prior to service of process if it determines that the complaint is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary damages from a defendant who is immune from such relief.  28 U.S.C. § 1915(e)(2)(B)(i)-(iii).

## I. DISCUSSION

Plaintiff alleges the following against the named defendants:

> D.A. Douglas A. Valeska has been harassing Tullis since 1990. The charges that he help Tullis to be indicted of attempted murder was conspired with the help of false perjury statements from State witnesses to the Grand Jury and he knew this was perjury did nothing to intervene. Allowed his team of prosecutors to go forward with this charge and his conspiracy scheme.

*Doc. No. 1* at 3.

### A. *Claims Barred by the Statute of Limitations*

Plaintiff' was convicted of attempted murder in the Circuit Court for Houston County, Alabama, and sentenced on September 21, 2011, to a twenty-seven year term of imprisonment.[3] To the extent Plaintiff seeks to challenge the legality of Defendants' conduct and or actions during the associated criminal court proceedings, the complaint is barred by the statute of limitations applicable to actions filed by an inmate under 42 U.S.C. § 1983.

> Federal courts must look to state law to determine, first, what statute of limitations is applicable, and second, whether that limitations period is tolled. *Whitson v. Baker*, 755 F.2d 1406, 1409 (11th Cir. 1985). Selection of a limitations period for § 1983 actions changed several times [between 1985 and 1989]. Alabama law, however, provides that the applicable limitations period is the one in effect when the claim is filed, not when the cause of action arose. *Tyson v. Johns Manville Sales Corp.*, 399 So.2d 263, 269-70 (Ala. 1981). It is undisputed that § 1983 claims were subject to a two year limitations period at that time. *See Jones v. Preuit & Mauldin*, 876 F.2d 1480, 1483-84 (11th Cir. 1989) (Jones II).

*Dukes v. Smitherman*, 32 F.3d 535, 537 (11th Cir. 1994). When Plaintiff filed the instant complaint, the statute of limitations for actions brought under 42 U.S.C. § 1983 was two years. *Owens v. Okure*, 488 U.S. 235, 249-250 (1989)(the proper statute of limitations for § 1983 actions is the forum state's general or residual statute of limitations for personal injury actions);

---

[3] *Available at http://www.doc.state.al.us/InmateHistory.aspx.*

*see also Lufkin v. McCallum*, 956 F.2d 1104, 1105 (11th Cir. 1992).  In Alabama, the general statute of limitations for personal injury actions is two years.  *Ala. Code* § 6-2-38(l).

Although the state statute of limitations applies, the time of accrual is a federal question. *See Cox v. Stanton*, 529 F.2d 47, 49-50 (4th Cir. 1975).  The running of the statute of limitations begins when Plaintiff knows or has reason to know of her injury.  *Id*.

Here, Plaintiff should have known of her injury on or about September 21, 2011, when she was convicted and/or sentenced for attempted murder.  Because Plaintiff failed to file the instant complaint until over two years after this time, the statute of limitations now bars consideration of her claim.  This claim is, therefore, subject to dismissal as frivolous under the directives of 28 U.S.C. § 1915(e)(2)(B)(i).  *See Clark v. Georgia Pardons and Parole Board*, 915 F.2d 636, 640 n.2 (11th Cir. 1990) (in an action proceeding under § 1983, the court may consider, *sua sponte*, affirmative defenses apparent from the face of the complaint);  *see also Neitzke v. Williams*, 490 U.S. 319 (1989).

*B.  The Named Defendants*

Even if Plaintiff could demonstrate that her claims against Defendants Valeska, Robinson, and Shields are not barred by the statute of limitations, her complaint against these defendants would be subject to dismissal under 28 U.S.C. § 1915(e)(2)(B)(i) and (iii). Plaintiff's challenge to these defendants' conduct in initiating and prosecuting criminal charges against her entitles her to no relief.

"A prosecutor is entitled to absolute immunity for all actions he takes while performing his function as an advocate for the government."  *Buckley v. Fitzsimmons*, 509 U.S. 259, 273 (1993).  The prosecutorial function includes the initiation and pursuit of criminal prosecution, *Imbler v. Pachtman*, 424 U.S. 409, 424 (1976), and all appearances before the court, including

examining witnesses and presenting evidence. *See Burns v. Reed*, 500 U.S. 478, 492 (1991)." *Rowe v. Fort Lauderdale*, 279 F.3d 1271, 1279 (11th Cir. 2002); *see also Mastroianni v. Bowers*, 60 F.3d 671, 676 (11th Cir. 1998). This immunity is applicable even where the prosecutor acts "maliciously, unreasonably, without probable cause, or even on the basis of false testimony or evidence." *Henry v. Farmer City State Bank*, 808 F.2d 1228, 1238 (7th Cir. 1986); *accord, Prince v. Wallace*, 568 F.2d 1176, 1178-79 (5th Cir. 1978). Further, Plaintiff is entitled to no declaratory or injunctive relief in this § 1983 complaint for any adverse action taken during the state criminal court proceedings related to her conviction and/or sentence under which she is currently incarcerated. *See District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 486-87 (1983); *Newman v. Alabama*, 683 F.2d 1312 (11th Cir. 1982). Thus, even if not barred by the limitation period, Plaintiff's complaint against Defendants Valeska, Robinson, and Shields is due to be dismissed under 28 U.S.C. § 1915(e)(2)(B)(i) and (iii).

## C.  *The Challenge to Plaintiff's Conviction/Sentence*

If Plaintiff seeks to challenge the validity of a criminal conviction and/or sentence imposed upon her by the Circuit Court for Houston County, Alabama, such claims go to the fundamental legality of her confinement and provide no basis for relief at this time. *Edwards v. Balisok*, 520 U.S. 641, 646 (1997); *Heck v. Humphrey*, 512 U.S. 477 (1994); *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973). In *Heck*, the Supreme Court held that a claim for damages challenging the legality of a prisoner's conviction or confinement is not cognizable in a 42 U.S.C. § 1983 action "unless and until the [order requiring such confinement] is reversed, expunged, invalidated, or impugned by the grant of a writ of habeas corpus" and complaints containing such claims must therefore be dismissed. 512 U.S. at 483-489. The Court emphasized that "habeas corpus is the exclusive remedy for a [confined individual] who

challenges the fact or duration of h[er] confinement and seeks immediate or speedier release, even though such a claim may come within the literal terms of § 1983" and concluded that Heck's complaint was due to be dismissed as no cause of action existed under section 1983. *Id.* at 481. The Court rejected the lower court's reasoning that a section 1983 action should be construed as a habeas corpus action.

In *Balisok*, the Court further concluded that an inmate's "claim[s] for declaratory [and injunctive] relief and money damages, . . . that necessarily imply the invalidity of the punishment imposed, is not cognizable under § 1983 . . ." unless the inmate can demonstrate that the challenged action has previously been invalidated. 520 U.S. at 648. The Court determined this is true not only when a prisoner challenges the judgment as a substantive matter but also when "the nature of the challenge to the procedures could be such as necessarily to imply the invalidity of the judgment." *Id*. at 645. The Court reiterated the position taken in *Heck* that the "sole remedy in federal court" for a prisoner challenging the constitutionality of her confinement is a petition for writ of habeas corpus. *Id*. Additionally, the Court "reemphasize[d] . . . that a claim either is cognizable under § 1983 and should immediately go forward, or is not cognizable and should be dismissed." *Id*. at 649.

A judgment in favor of Plaintiff in this cause of action would imply the invalidity of the challenged conviction and/or sentence. It is clear from the complaint that the conviction and/or sentence about which Plaintiff complains has not been invalidated in an appropriate proceeding. Consequently, the instant collateral attack on the challenged conviction and/or sentence is prohibited as habeas corpus is the exclusive remedy for a state prisoner who challenges the validity of the fact or duration of her confinement. *Balisok*, 520 U.S. at 645; *Heck*, 512 U.S. at

481; *Preiser*, 411 U.S. at 488-490.  Such attack is, therefore, subject to summary dismissal by this court under 28 U.S.C. § 1915(e)(2)(B)(ii).

## II.  CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that:

1.  Plaintiff's claims challenging events which occurred on or before September 21, 2011, be DISMISSED with prejudice  under 28 U.S.C. § 1915(e)(2)(B)(i) as Plaintiff failed to file the complaint regarding  these allegations within the time prescribed by the  applicable statute of limitations;

2.  Plaintiff's § 1983 claims against Defendants Valeska, Robinson, and Shields be DISMISSED with prejudice under 28 U.S.C. § 1915(e)(2)(B)(i) & (iii);

3.  Plaintiff's challenge to the constitutionality of the conviction and/or sentence imposed upon her on or about September 21, 2011,  by the Circuit Court for Houston County, Alabama, be DISMISSED without prejudice under 28 U.S.C. § 1915(e)(2)(B)(ii) as such claims are not properly before the court at this time; and

4.   This case be DISMISSED prior to service of process under 28 U.S.C. § 1915(e)(2)(B)(i)-(iii).

 It is further

ORDERED that **on or before July 2, 2015**, Plaintiff may file an objection to the Recommendation. Any objection filed must specifically identify the findings in the Magistrate Judge's Recommendation to which a party objects.  Frivolous, conclusive or general objections will not be considered by the District Court.  The parties are advised this Recommendation is not a final order and, therefore, it is not appealable.

Failure to file a written objection to the proposed findings and recommendations in the Magistrate Judge's report shall bar the party from a *de novo* determination by the District Court of issues covered in the report and shall bar the party from attacking on appeal factual findings in the report accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982). *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982). *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (en banc), adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

Done this the 18th day of June, 2015.

/s/Charles S. Coody
CHARLES S. COODY
UNITED STATES MAGISTRATE JUDGE